USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-21-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADAM SIMMS ET AL.,

                    Plaintiffs,

- against -

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                    Defendant.

---

18-cv-3964 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

This action is brought pro se by N.S. and her brother T.S. through their parents, Adam Simms and Jamie Swiggart, who are also named as plaintiffs (collectively, "the plaintiffs"). The plaintiffs first allege that the defendant, the New York City Department of Education, did not admit N.S. into one of her preferred high schools as retaliation against Simms and Swiggart for initiating numerous due process proceedings on behalf of T.S., who has been diagnosed with Autism Spectrum Disorder. Second, the plaintiffs allege under a disparate-impact theory that the defendant has discriminated against them. The plaintiffs bring these claims under the Americans with Disabilities Act ("ADA"), the Individuals with Disabilities Education Act ("IDEA"), and § 504 of the Rehabilitation Act.

The defendant has moved to dismiss the plaintiffs' amended complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing and under Rule 12(b)(6) for failure to state a

1

claim upon which relief may be granted. The defendant's motion to dismiss is **granted** and the plaintiffs' amended complaint is dismissed **without prejudice**.

I.

A lack of standing constitutes a jurisdictional defect that can be addressed through a motion made under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Lyons v. Litton Loan Servicing LP, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016). In defending against a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In considering such a motion, the Court generally must accept the material factual allegations in the complaint as true. See J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). The Court does not, however, draw all reasonable inferences in the plaintiff's favor. Id.; see also Graubart v. Jazz Images, Inc., No. 02cv4645, 2006 WL 1140724, at *2 (S.D.N.Y. Apr. 27, 2006). Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists. See Anglo-Iberia Underwriting Mgmt. Co. v. P.T. Jamsostek, 600 F.3d 171, 175 (2d Cir. 2010); APWU v. Potter, 343

2

F.3d 619, 627 (2d Cir. 2003); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986). In so doing, the Court is guided by the body of decisional law that has developed under Rule 56 of the Federal Rules of Civil Procedure. Kamen, 791 F.2d at 1011.

When presented with a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and a motion to dismiss on other grounds, the first issue is whether the Court has the subject matter jurisdiction necessary to consider the merits of the action. See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

3

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

## II.

On December 1, 2017, N.S. submitted her first-round high school application to the defendant, which listed schools that she desired to attend. Amended Compl. ¶ 6. About four months later, the plaintiffs learned that N.S. was not placed in any of the high schools listed in her application. Id. ¶¶ 9-10. N.S. sent a second-round application to the defendant on March 20, 2018, listing three schools, all of which were included in her first application. Id. ¶ 11. The plaintiffs then filed this action on May 3, 2018. Two days later, on May 5, the plaintiffs

4

received a letter from the defendant stating that she was placed in a high school not listed in her application. Id. ¶ 12.

N.S.'s parents submitted an appeal form to the defendant listing three schools she would like to attend,[1] and the defendant granted the appeal and then placed N.S. in another school to which she did not apply. Id. ¶¶ 13-14. The plaintiffs allege that this placement occurred because an employee of the defendant incorrectly explained the appeal form to N.S.'s parents, resulting in their checking a box that allowed the defendant to place N.S. in a school not listed in her appeal form. Id. ¶ 16. N.S.'s parents then engaged in a series of meetings with the defendant's employees seeking to enroll N.S. in one of her preferred high schools, all to no avail. Id. ¶¶ 17-27.

The plaintiffs contend that the defendant did not place N.S. into one of her preferred high schools as retaliation against her parents for "initiat[ing] due process proceedings under the Individuals with Disabilities Act 18 times between 2006 and 20[18]" on behalf of their son, T.S., who has been diagnosed with Autism Spectrum Disorder. Id. ¶¶ 1, 3, 27-28. The plaintiffs allege that the defendant discriminated against N.S.

---

[1] It is unclear from the complaint whether these three schools were the same schools that were included in N.S.'s first- and second-round applications.

5

due to her familial relationship with T.S., who qualifies as a disabled person under the ADA. Id. ¶ 30. The plaintiffs also allege summarily that "they were discriminated against under the theory of disparate-impact." Id. ¶ 36.

### III.

The defendant argues that the amended complaint must be dismissed because (1) Simms and Swiggart, who are unrepresented, cannot bring claims on behalf of N.S. and T.S.; (2) T.S. lacks constitutional standing because the plaintiffs do not allege that T.S. suffered any injury; and (3) the plaintiffs have not alleged facts sufficient to support their retaliation or disparate-impact claims. All three arguments are persuasive.

First, Simms and Swiggart cannot bring claims on behalf of N.S. and T.S. while proceeding pro se without the assistance of counsel. Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) (concluding that a non-attorney is not allowed to represent a minor in federal court without the assistance of counsel); see, e.g., A.M. ex rel. J.M. v. N.Y.C Dep't of Educ., 840 F. Supp. 2d 660, 675 (E.D.N.Y. 2012 (holding that parents proceeding pro se cannot bring claims on behalf of their children under § 504 of the Rehabilitation Act and the ADA), aff'd sub nom. Moody ex rel. J.M. v. N.Y.C Dep't of Educ., 513 F. App'x 95 (2d Cir. 2013). Therefore, the claims by N.S. and T.S. must be dismissed because they cannot proceed while

6

represented only by their parents without the assistance of counsel.[2] If Simms and Swiggart have claims under the IDEA, § 504 of the Rehabilitation Act, they can pursue them pro se in their own right. See A.M. ex rel. J.M., 840 F. Supp. 2d at 674-75.

Second, the plaintiffs' amended complaint does not allege that T.S. suffered an injury. To satisfy the requirements of Article III standing, the plaintiffs must show, among other things, that they have each suffered an actual or imminent injury in fact. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). In their opposition brief, the plaintiffs state that "T.S. has been dehumanized by defendant's actions resulting in feelings of shame, depression, and incapacitating emotional and physical illness." Opp'n at 2. Those allegations do not appear in the amended complaint, and the Court cannot rely on factual assertions made for the first time in the plaintiffs' opposition brief. See Longo v. Ortiz, No. 15cv7716, 2016 WL 5376212, at *4 (S.D.N.Y. Sept. 26, 2016). Because the plaintiffs' amended complaint lacks any allegation that T.S. suffered an injury, T.S. does not have standing in this case, and the parents lack standing to allege a claim based on any alleged injury to T.S. Insofar as Simms and Swiggart bring claims in their own right,

---

[2] It is unclear whether T.S. is a minor. The amended complaint does not include T.S.'s age but states that T.S. has graduated high school. Amended Compl. ¶ 1. However, whether or not T.S. is a minor does not change the conclusion that his parents cannot represent him without the assistance of counsel.

7

they also lack standing because the plaintiffs do not allege that Simms and Swiggart have suffered any injury.

Third, the plaintiffs fail to plead facts sufficient to support their retaliation claim. To state a retaliation claim under the ADA and § 504 of the Rehabilitation Act,[3] the plaintiffs must allege that "(i) [they were] engaged in protected activity; (ii) the alleged retaliator knew that [the] plaintiff[s were] involved in protected activity; (iii) an adverse decision or course of action was taken against [the] plaintiff[s]; and (iv) a causal connection exists between the protected activity and the adverse action." Weixel v. Bd. of Educ. of N.Y.C., 287 F.3d 138, 148 (2d Cir. 2002). The plaintiffs offer only conclusory allegations that N.S. did not get into her preferred schools as a result of her parents' prior actions. Amended Compl. ¶¶ 4, 27–28. Moreover, the defendant points out a more plausible explanation for why N.S. did not get into her desired schools: she continued to apply to the schools listed in her first, unsuccessful application. Other than the conclusory statement that "N.S. met all the criteria for admission" to one of her preferred high schools, id. ¶ 6, the

---

[3] Although the "IDEA does not protect individuals from retaliation for attempting to enforce the IDEA," Collins v. City of New York, 156 F. Supp. 3d 448, 457 (S.D.N.Y. 2016), "a plaintiff may enforce his rights under the IDEA through a § 504 [Rehabilitation Act] claim," Fetto v. Sergi, 181 F. Supp. 2d 53, 77 (D. Conn. 2001) (citing Mrs. C. v. Wheaton, 916 F.2d 69, 75–76 (2d Cir. 1990)). For the reasons explained below, the plaintiffs fail to state a retaliation claim under any theory.

8

plaintiffs do not provide any reason to believe that it was retaliation, and not some other reason, that kept N.S. from being enrolled in one of these schools. See Johnson v. NYS Office of Alcoholism, No. 16cv9769, 2018 WL 1353258, at *5 (S.D.N.Y. Mar. 13, 2018) (holding that a plaintiff's conclusory allegations of retaliation were insufficient to survive a motion to dismiss); Saidin v. N.Y.C. Dep't of Educ., 498 F. Supp. 2d 683, 688 (S.D.N.Y. 2007) (same). It cannot be that a means of getting into a preferred high school in New York City is to file a conclusory claim of retaliation.

Finally, the plaintiffs also fail to plead facts sufficient to support their disparate-impact discrimination claim. Disparate-impact claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977). The amended complaint states only that the plaintiffs "were discriminated against under the theory of disparate-impact." Amended Compl. ¶ 36. The plaintiffs do not provide allegations stating, among other things, which of the defendant's facially neutral practices negatively affected them, or that the defendant's allegedly discriminatory practices were not justified by business necessity.

9

## CONCLUSION

For the reasons explained above, the defendant's motion to dismiss is **granted**. The plaintiffs' amended complaint is **dismissed without prejudice**. The plaintiffs may file a second amended complaint by **February 22, 2019**. The defendant may file an answer or motion to dismiss by **March 15, 2019**. If the defendant files a motion to dismiss, the plaintiffs may respond by **April 5, 2019,** and the defendant may reply by **April 15, 2019**. The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The Clerk is directed to close Docket Number 18.

**SO ORDERED.**

Dated:     **New York, New York**
            **January 21, 2019**

_____
John G. Koeltl
United States District Judge